Feb. 24, 1908.

————o————

No. 4384.

Court of Appeal, Parish of Orleans.

WM. S. RUSSELL VS. A. J. BEYLE, et, als.

Issues of fact only are involved herein.

Appeal from Civil District Court, Division C.

Lazarus, Michel & Lazarus, for Plaintiff and Appellant.

A. D. Henriques, Geo. W. Flynn, for Defendant and Appellee.

DUFOUR, J. The plaintiff sued defendant, a police of-

ficer of this city, for damages because of the latter's malicious arrest of the former.

From a judgment in favor of plaintiff for $250 he has appealed and asked that the amount be increased to $1000, that prayed for. Defendant has neither appealed nor answered the appeal.

In the course of his reasons for judgment, the District Judge says: "The arrest of plaintiff was an outrage, pure and simple, and, having been made without a warrant, defendants are liable. The unsworn statement of a private citizen does not supply the place of a formal order issued by a magistrate upoh sworn complaint, and the officer who sees fit to dispense with the latter must, at his own risk and peril, justify the arrest, or at least show probable cause therefor, and make clear the necessity for immediate action.

"Allowing the officer the benefit of every reasonable doubt, the most that, even with the best will in the world, can be gathered in his favr from the conflicting, unsatisfactory and unconvincing testimony produced in his behalf, is that plaintiff was pointed out to him as one whose actions seemed suspicious, and who should be watched. But the officer had ample opportunity to observe and judge for himself, and, had he been sober, instead of intoxicated, would have seen that neither the appearance nor conduct of plaintiff justified such suspicions. Moreover, the arrest was made in the immediate vicinity of plaintiff's home, and he might have been, and was, fully identified and his respectability vouched for by his neighbors.

"Notwithstanding this, however, plaintiff was ignominiously thrown into the police van, in sight of his friends and acquaintances, publicly hauled through the street, and cast into the common jail as a dangerous and suspicious character, where he was detained some two hours, until released by the inspector (Mr. Journee). Next morning he was discharged by the Recorder, the officer not even putting in an appearance, though having declared his intention of so doing, and knowing it to be his duty so to do.

"If the matter rested here *I would allow plaintiff the ful' amount sued for,* $1,000; but as the damages will, in all likelihood, have to be paid by his bondsman (since the officer's

salary is exempt from seizure, and he is admittedly otherwise pecuniarily irresponsible) I think an allowance of $250 is sufficent."

We are in full accord with the District Judge, when he says that the arrest of the plaintiff under the circumstances disclosed by the record was "an outrage, pure and simple," and that the police officer is liable in damages for his conduct.

But we think he erred in allowing $250, only, on the theory that "the damages will, in all likelihood, have to be paid by his bondsman."

The liability of a surety is the same as that of his principal; the former undertakes to make good within the amount of the bond the damage caused by the act of the latter.

Sympathetic consideration should not be allowed to affect the plainand salutary rule of law, which makes the responsibility of the surety co-extensive with that of his principal, with the sole qualification that such responsibility cannot exceed the amount of the bond.

The surety is not before us in this case and we are dealing merely with the plaintiff and the offender, the extent of whose liability is not affected by the fact that he may or may not have a surety.

In a case similar to this, Schmidt vs. R. R. Co., 116 La. 315, the Supreme Court allowed $750 damages; we shall follow this precedent.

It is, therefore, ordered, adjudged and decreed that the judgment appealed from in favor of William S. Russell and against Alfred J. Beyle be amended by increasing the award from the sum of two hundred and fifty dollars to the sum of seven hundred and fifty dollars, and that as amended the judgment be affirmed at appellee's cost.